IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIK BOWERS** | : | **CIVIL ACTION** |
| Petitioner | : | |
| v. | : | |
| | : | |
| **DAVID D. DIGUGLIELMO, Superintendent** | : | |
| **DISTRICT ATTORNEY, County of Philadelphia** | : | |
| **ATTORNEY GENERAL, State of Pennsylvania** | : | **NO.** |
| Respondents | : | |

## ORDER

AND NOW, this          day of                              , 2010 upon consideration of Petitioner's Motion for Stay and any response thereto, IT IS hereby ORDERED:

A. That the Clerk of Court mark this action closed for statistical purposes and place the matter in the Civil Suspense File, pending Plaintiff's exhaustion of his state court remedies;

B. That the Court shall retain jurisdiction, and the case shall be restored to the active docket when the action is in a status so that it may proceed to final disposition; and

C. That Petitioner shall inform the Court within 30 days of the final disposition of all state court proceedings and appeals related to that proceeding under the Pennsylvania Post Conviction Collateral Relief Act which originated in the Court of Common Pleas of Philadelphia County, Pennsylvania, Docket No. CP-51-CR-1103162-1996 and which is currently the subject of a Petition for Allowance of Appeal addressed to the Pennsylvania Supreme Court, No. 37 EAL 2010 (following an adverse decision in the Superior Court of Pennsylvania, Docket No. 2703 EDA 2008).

BY THE COURT:

_____
                                                    , J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MALIK BOWERS** : | **CIVIL ACTION** |
|     Petitioner : | |
| v. : | |
| : | |
| **DAVID D. DIGUGLIELMO, Superintendent** : | |
| **DISTRICT ATTORNEY, County of Philadelphia** : | |
| **ATTORNEY GENERAL, State of Pennsylvania** : | NO. |
|     Respondents : | |

## MOTION FOR STAY

Petitioner, Malik Bowers, by his attorneys Carole L. McHugh, Esquire and Barnaby C. Wittels, Esquire, respectfully moves the Court for an order staying proceedings in this matter and holding same in abeyance while Petitioner continues to exhaust his state remedies, as contemplated under the United States Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S. 408, 417-419 (2005) and under Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009),

In support of said motion, Petitioner incorporates by reference the facts and legal argument set forth in the attached Brief.

Respectfully submitted,

*/s/ CM Smith/*

CAROLE L. McHUGH, ESQUIRE
Attorney I.D. No. 19641
410 Old York Road
Jenkintown, PA 19046-2809
215-887-5966 (voice)
215-887-4953 (fax)
carole.mchugh@comcast.net (email)

2

BARNABY C. WITTELS, ESQUIRE
Attorney I.D. No. 21686
LACHEEN, WITTELS & GREENBERG, LLP
1429 Walnut Street, Suite 1301
Philadelphia, PA 19102
215-735-5900 (voice)
215-561-1860 (fax)
barnabyw@aol.com (email)

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIK BOWERS** | : | **CIVIL ACTION** |
| Petitioner | : | |
| v. | : | |
| | : | |
| **DAVID D. DIGUGLIELMO, Superintendent** | : | |
| **DISTRICT ATTORNEY, County of Philadelphia** | : | |
| **ATTORNEY GENERAL, State of Pennsylvania** | : | NO. |
| Respondents | : | |

### BRIEF IN SUPPORT OF MOTION FOR STAY

**I.   INTRODUCTORY FACTS**

Petitioner has filed the above-captioned Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254, seeking relief his confinement as the result of judgment of sentence entered in the Court of Common Pleas of Philadelphia County, Pennsylvania, on December 22, 1997, Docket No. CP-51-CR-1103162-1996.

In his Petition, Petitioner asserts that he has been deprived of his right to due process and effective assistance of counsel by virtue of, *inter alia* (a) an erroneous jury instruction and similar argument by the prosecutor, which permitted the jury to find Petitioner guilty of first degree murder without his having evidenced a specific intent to kill, (b) the failure of counsel to have the former testimony of an unavailable witness read to the jury to impeach the time line proposed by the Commonwealth and its main witness against Petitioner, (c) the failure of counsel to impeach other witnesses by reference to their former statements and testimony at an alleged co-conspirator's previous trial, (d) Petitioner's conviction of first degree murder upon evidence which was legally insufficient to provide proof beyond a reasonable doubt that Petitioner intended to kill the decedent,

(e) the failure of counsel to adequately and properly present the foregoing claim during Petitioner's appeal, (f) the failure of counsel to make and properly support Petitioner's meritorious claim under Batson v. Kentucky, 476 U.S. 79 (1986), and (g) the admission of prejudicial and irrelevant evidence concerning Petitioner's alleged purchase and possession of a firearm, and counsel's failure to make and properly support objection to said testimony.

These claims are presently the subject of a pending proceeding in the Pennsylvania courts, which originated on August 11, 2006 in the Court of Common Pleas of Philadelphia County under the Pennsylvania Post Conviction Collateral Relief Act, 42 Pa.C.S.A. §9541 *et seq.* Specifically, the Court of Common Pleas denied relief on August 20, 2008. Petitioner took a timely appeal to the Pennsylvania Superior Court, which on December 31, 2009, affirmed. On January 22, 2010, Petitioner filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, which has been docketed at 37 EAL 2010.

Because of the very little amount of time which remains on Petitioner's AEDPA statute of limitations, Petitioner has made a protective filing with this Court and respectfully requests a stay of the instant proceeding until Petitioner's PCRA remedies are fully exhausted.

## II.   ARGUMENT

Petitioner's judgment of sentence became final on August 29, 2005 – that is, 90 days after the Pennsylvania Supreme Court denied allowance of appeal in his direct appeal on June 1, 2005. Accordingly, the one-year AEDPA statute of limitations began to run on August 29, 2005 and continued to run until tolled by the timely filing of Petitioner's first petition under the Pennsylvania Post Conviction Relief Act on August 11, 2006. 28 U.S.C. §2244(d)(2).

As a result of the above, there remain only 18 days left on the AEDPA statute of limitations.

Since the statute will immediately recommence running upon the Pennsylvania Supreme Court denial of *allocatur* or decision on the merits, a serious danger exists that if notification of the Pennsylvania Supreme Court's determination were to be accidentally delayed, the federal statute of limitations might expire without there being time for Petitioner to file in this Honorable Court. Accordingly, Petitioner has made the within protective filing with this Court, and respectfully requests that the Court place the matter in civil suspense until such time as the Pennsylvania Supreme Court has finally ruled and/or the subject PCRA proceedings are no longer pending in any of the Pennsylvania courts.

Both the Third Circuit Court of Appeals and the United States Supreme Court have sanctioned the use of the stay-and-abeyance procedure in cases directly analogous to the instant situation. In Pace v. DiGuglielmo, 544 U.S. 408, 416-417 (2005), for example, the Supreme Court specifically suggested the use of a protective filing and motion to stay proceedings in situations where the actual run date of the federal statute of limitations could not be ascertained until after the state courts ruled upon the timeliness of the petitioner's state PCRA filing. In Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009), our Court of Appeals clarified that the stay-and-abeyance procedure is not restricted to so-called "mixed" petitions, but may be used even where *all* issues to be raised in the habeas petition are as yet unexhausted. Therefore, since the District Court in Heleva had not considered the merits of the stay request in the belief that the procedure applied to mixed petitions only, the Third Circuit remanded for a consideration of the three criteria for issuing such a stay, which are (a) the existence of good cause for the failure to have fully exhausted the claims made in the habeas petition, (b) potential merit to the claims presented, and (c) absence of intentionally dilatory conduct in the conduct of the state court proceedings. Id., citing Rhines v. Weber, 544 U.S.

269, 277-278, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005).

Under all three of these criteria, it is appropriate to issue a stay in the instant case. Petitioner has filed and prosecuted his action under the Pennsylvania Post Conviction Relief Act in a timely fashion. Because of the short time remaining on the federal statute of limitations, he has cause for concern that even a short delay in notification of the Pennsylvania Supreme Court's decision might prevent him from timely filing his habeas petition. And, as previously stated, and as elaborated more fully in the habeas petition itself, Petitioner presents substantial, meritorious issues involving the Pennsylvania courts' failure to properly apply the standards of Batson v. Kentucky, supra, their failure to protect Petitioner's right to acquittal of first degree murder absent a personal and specific intent to kill, trial and direct appeal counsel's failure to function effectively with respect to these and other matters, and the admission of irrelevant, highly prejudicial evidence.

## III. CONCLUSION

For all these reasons, therefore, Petitioner respectfully requests that the Honorable Court retain jurisdiction but stay all proceedings in the instant habeas proceeding until Petitioner has completed the process of exhausting his state remedies.

Respectfully submitted,

*/s/ Carole L. McHugh*

CAROLE L. McHUGH, ESQUIRE
Attorney I.D. No. 19641
410 Old York Road
Jenkintown, PA 19046-2809
215-887-5966 (voice)
215-887-4953 (fax)
carole.mchugh@comcast.net (email)

BARNABY C. WITTELS, ESQUIRE
Attorney I.D. No. 21686
LACHEEN, WITTELS & GREENBERG, LLP
1429 Walnut Street, Suite 1301
Philadelphia, PA 19102
215-735-5900 (voice)
215-561-1860 (fax)
barnabyw@aol.com (email)

Attorneys for Petitioner, Malik Bowers

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIK BOWERS** | : | **CIVIL ACTION** |
|     Petitioner | : | |
| v. | : | |
| | : | |
| **DAVID DIGUGLIELMO, Superintendent** | : | |
| **DISTRICT ATTORNEY, County of Philadelphia** | : | |
| **ATTORNEY GENERAL, State of Pennsylvania** | : | **NO.** |
|     Respondents | : | |

### CERTIFICATE OF SERVICE

I hereby certify that I am, this day, serving a copy of the foregoing Motion for Stay and brief in support thereof, upon the following person at the address indicated below, by first class mail:

Thomas Dolgenos, Esquire
Chief, Federal Litigation Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
215-686-5703 (voice)

Karen Brancheau Jordan, Esquire
Assistant District Attorney – Appeals Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107-3499
215-686-9680 (voice)

Dated: January 29, 2010

_____
CAROLE L. McHUGH, ESQUIRE
Attorney I.D. No. 19641
410 Old York Road
Jenkintown, PA 19046-2809
215-887-5966 (voice)
215-887-4953 (fax)
carole.mchugh@comcast.net (email)