IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIK BOWERS** | : | **CIVIL ACTION** |
|     Petitioner | : | |
| **v.** | : | |
| | : | |
| **DAVID D. DIGUGLIELMO, et al.** | : | **NO. 2:10-cv-00432-TMG** |
|     Respondents | : | |

**PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE L. FILIPE RESTREPO**

Petitioner, Malik Bowers, by his attorneys Carole L. McHugh, Esquire and Barnaby C. Wittels, Esquire, respectfully submits the following objections to the Report and Recommendation filed on May 20, 2010 by United States Magistrate Judge L. Felipe Restrepo:

**I.    FACTUAL INTRODUCTION**

Petitioner has filed the above-captioned Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254, seeking relief his confinement as the result of judgment of sentence entered in the Court of Common Pleas of Philadelphia County, Pennsylvania, on December 22, 1997, Docket No. CP-51-CR-1103162-1996.

In his Petition, Petitioner asserts that he has been deprived of his right to due process and effective assistance of counsel by virtue of, *inter alia* (a) an erroneous jury instruction and similar argument by the prosecutor, which permitted the jury to find Petitioner guilty of first degree murder without his having evidenced a specific intent to kill, (b) the failure of counsel to have the former testimony of an unavailable witness read to the jury to impeach the time line proposed by the Commonwealth and its main witness against Petitioner, (c) the failure of counsel to impeach other witnesses by reference to their former statements and testimony at an alleged co-conspirator's

1

previous trial, (d) Petitioner's conviction of first degree murder upon evidence which was legally insufficient to provide proof beyond a reasonable doubt that Petitioner intended to kill the decedent, (e) the failure of counsel to adequately and properly present the foregoing claim during Petitioner's appeal, (f) the failure of counsel to make and properly support Petitioner's meritorious claim under Batson v. Kentucky, 476 U.S. 79 (1986), and (g) the admission of prejudicial and irrelevant evidence concerning Petitioner's alleged purchase and possession of a firearm, and counsel's failure to make and properly support objection to said testimony.

These claims are presently the subject of a pending proceeding in the Pennsylvania courts, which originated on August 11, 2006 in the Court of Common Pleas of Philadelphia County under the Pennsylvania Post Conviction Collateral Relief Act, 42 Pa.C.S.A. §9541 *et seq.*  Specifically, the Court of Common Pleas denied relief on August 20, 2008.  Petitioner took a timely appeal to the Pennsylvania Superior Court, which on December 31, 2009, affirmed.

On January 22, 2010, Petitioner filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, which has been docketed at 37 EAL 2010.  By order dated May 19, 2010, the Supreme Court of Pennsylvania has ordered that "the Petition for Allowance of Appeal is HELD pending Commonwealth v. Simpson, 493 CAP" – a capital case involving Petitioner's co-defendant, Rasheed Simpson.  Mr. Simpson's reply brief in the Pennsylvania Supreme Court is due to be filed on July 3, 2008.

Only 18 days remain on Petitioner's AEDPA statute of limitations.[1]   For this reason,

---

[1]   Petitioner's judgment of sentence became final on August 29, 2005 – that is, 90 days after the Pennsylvania Supreme Court denied allowance of appeal in his direct appeal on June 1, 2005. Accordingly, the one-year AEDPA statute of limitations began to run on August 29, 2005 and continued to run until tolled by the timely filing of Petitioner's first petition under the Pennsylvania Post Conviction Relief Act on August 11, 2006.  28 U.S.C. §2244(d)(2).

Petitioner made a protective habeas filing with this Court, and requested the use of the stay and abeyance procedure sanctioned by the Supreme Court in Pace v. DiGuglielmo, 544 U.S. 408, 416-417 (2005), and by the Third Circuit Court of Appeals in Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009).

## II.      OBJECTIONS TO THE REPORT AND RECOMMENDATION

United States Magistrate Judge Restrepo recommends that the requested stay be denied and the habeas petition dismissed without prejudice because (1) Petitioner does not allege "reasonable confusion" about state filing requirements, (2) Petitioner's statute of limitations is not currently running, and (3) Petitioner has failed to show "good cause" for a stay because in Judge Restrepo's opinion, the 18 days remaining on the statute of limitations offers sufficient opportunity for Petitioner to file a habeas petition once the Pennsylvania courts have ruled.

Since it is Petitioner's first PCRA which is pending in the Pennsylvania courts, it is true that Petitioner's time calculations are reasonably certain and that the AEDPA statute of limitations is currently tolled. Petitioner respectfully disagrees, however, with the conclusion that he has failed to demonstrate good cause for a stay based upon the short time remaining under that statute of limitations.

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that district courts may, in their discretion, stay rather than dismiss mixed petitions containing both exhausted and unexhausted claims where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." Id. at 278. In Pace v. DiGuglielmo, 544 U.S. 408 (2005), moreover, the Court specifically suggested the use of a protective filing and motion to stay proceedings in

situations where the actual run date of the federal statute of limitations could not be ascertained until after the state courts ruled upon the timeliness of the petitioner's state PCRA filing, placing the petitioner at risk that the federal statute of limitations would be found to have already run by time the habeas petition was filed.  Id., 544 U.S. at 416-417.  In Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009), finally, the Third Circuit Court of Appeals clarified that use of the stay-and-abeyance procedure in statute of limitations cases is not restricted to mixed petitions, but may be used even where *all* issues to be raised in the habeas petition are as yet unexhausted.  Id. at 192.

     Mr. Heleva, like Mr. Bowers instantly, sought to use the stay-and-abeyance procedure because of the short time remaining on his habeas statute of limitations – which he calculated to be only one day.  The Third Circuit disagreed with that calculation, concluding that Heleva had actually more than 30 days left within which to file his habeas petition once the state court proceedings would terminate.  581 F.3d at 192-193 & n. 4.  Despite this fact, however, the Court of Appeals remanded to the District Court for consideration of whether Heleva had met the three-part test under Rhines.  Ultimately, the District Court determined that he had, and ordered the matter into civil suspense, to be restored to the active docket so long as a request was made within 60 days of the completion of the relevant state court proceedings.  Heleva v. Brooks, 2009 U.S. Dist. Lexis 114684 (C.A. No. 1:07-cv-1398, December 9, 2009).

     As in Heleva, Petitioner has demonstrated good cause for the issuance of a stay, rather than the dismissal without prejudice favored by the United States Magistrate Judge.

     First of all, Petitioner is not at fault for his present failure to exhaust.  He has followed all the available state court procedures in the proper order and in a timely fashion.  It is only his *first* PCRA petition which is currently pending in the Pennsylvania courts.  This is *not* a situation were

exhaustion is being sought of issues omitted from a first-round petition.  Secondly, Petitioner's unexhausted claims have clear potential merit, as evidenced by the fact that the Pennsylvania Supreme Court has taken the unusual step of placing his *allocatur* petition on hold pending the outcome of his co-defendant's capital appeal.[2]  Thirdly, Petitioner has not engaged in, nor has the Magistrate Judge suggested, any intentionally dilatory conduct in Petitioner's prosecution of the state proceedings.

Finally, the 18 days remaining on Petitioner's federal statute of limitations is significantly shorter than the 30 days left in Heleva's case, and affords a very limited time period with very little leeway for human error in notification and response.  It is suggested in the Report and Recommendation that 18 days is ample time for a counseled petitioner to receive and respond to notice of the Pennsylvania Supreme Court's actions.  Respectfully, this is not always the case in practical experience.  Any practitioner regularly representing post-conviction petitioners in either the state or federal systems – including the undersigned – has confronted instances wherein prior counsel or the petitioner *pro se* have failed to receive timely notice of appellate court action, resulting in filings delayed beyond either the prescribed time for appeal or the collateral action filing deadline.  While not exactly common, these instances do occur with some distressing regularity, and as the Third Circuit observed in Crews v. Horn, 360 F.3d 146, 153 (2004), the use of the stay-and-abeyance procedure is far more cost-effective than having to brief equitable tolling issues after the

---

[2]     As previously stated, and as elaborated more fully in the habeas petition itself, Petitioner presents substantial, meritorious issues involving the Pennsylvania courts' failure to properly apply the standards of Batson v. Kentucky, supra, their failure to protect Petitioner's right to acquittal of first degree murder absent a personal and specific intent to kill, trial and direct appeal counsel's failure to function effectively with respect to these and other matters, and the admission of irrelevant, highly prejudicial evidence.

fact. Accordingly, concern for both judicial economy and for the preservation of Petitioner's right to federal habeas relief militate in favor of granting a stay, rather than dismissal.

**III.   CONCLUSION**

For all the foregoing reasons, therefore, Petitioner Malik Bowers respectfully requests that the Honorable Court (1) disapprove and overrule the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo; and (2) retain jurisdiction but stay all proceedings in the instant habeas proceeding until Petitioner has completed the process of exhausting his state remedies.

Respectfully submitted,

/s/ Carole L. McHugh
CAROLE L. McHUGH, ESQUIRE
Attorney I.D. No. 19641
410 Old York Road
Jenkintown, PA 19046-2809
215-887-5966 (voice)
215-887-4953 (fax)
carole.mchugh@comcast.net (email)


BARNABY C. WITTELS, ESQUIRE
Attorney I.D. No. 21686
LACHEEN, WITTELS & GREENBERG, LLP
1429 Walnut Street, Suite 1301
Philadelphia, PA 19102
215-735-5900 (voice)
215-561-1860 (fax)
barnabyw@aol.com (email)

Attorneys for Petitioner, Malik Bowers

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MALIK BOWERS** | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | |
| | : | |
| **DAVID D. DIGUGLIELMO, et al.** | : | NO. 2:10-cv-00432-TMG |
| Respondents | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document is being filed electronically and is available for viewing and downloading from the ECF system. I further certify that I am also serving a paper copy upon the following person by first class mail:

Thomas Dolgenos, Esquire
Chief, Federal Litigation Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
215-686-5703

Dated: June 7, 2010              /s/ Carole L. McHugh

CAROLE L. MCHUGH, ESQUIRE
Attorney I.D. No. 19641 (PA)
410 Old York Road
Jenkintown, PA 19046-2809
215-887-5966 (voice)
215-887-4953 (fax)
carole.mchugh@comcast.net (email)